Eminent domain; taking; just com/pensation; Laundromat equipment. — Plaintiffs sue to recover just compensation in the amount of $20,000 for certain items of Laundromat equipment belonging to them and claimed to have 'been taken by the United States. Plaintiffs were the owners of a parcel of land on which was situated a building used, since June 1958, as a Laundromat by plaintiffs’ lessee. In January 1964, plaintiffs purchased the Laundromat business including the equipment and good will, and the lease on plaintiffs’ building was cancelled. At this time plaintiffs and General Services Administration were negotiating for the sale of plaintiffs’ property to GSA for use as part of the site for a new Post Office-Federal Office Building to be constructed by defendant. Defendant wanted only the land belonging to plaintiffs and indicated that if an agreement on price could be reached, plaintiffs cotdd remove the building and the Laundromat equipment from the site. The parties were unable to agree and defendant filed in the United States District Court for the Western District of Arkansas, Texarkana Division, a complaint in condemnation and a declaration of taking which referred to the plaintiffs’ land, together with all buildings and improvements thereon. Compensation for the property was estimated to be $20,000 and on July 17, 1964, an order was entered in the case for delivery of possession to defendant. Thereafter, plaintiffs filed an amended answer in the condemnation case stating that they were operating a Laundromat business in the building, that the condemnation sought by the Government would destroy a going business for which plaintiffs were entitled to compensation, specifying the building, *1294 the Laundromat equipment, the going business and its good will, and setting separate values on each. Defendant moved to strike so much of the amended answer in the District Court proceeding as claimed compensation for the going business, good will and personal property and contended that the declaration of taking had not included anything except the realty. Before the matters put in issue by plaintiffs’ amended answer were disposed of by the District Court, the Government entered into a contract for the construction of the new Federal building under a, contract which provided that the contractor would receive title to any materials left on the building site which had belonged to the plaintiffs and that the contractor should clear the site. The contractor then demolished the building and sold the Laundromat equipment for $2,500, which money the contractor apparently kept. Plaintiffs in their petition in the Court of Claims contend that the above described events amounted to a taking by the Government of plaintiffs’ Laundromat equipment without the payment of just compensation, and defendant contends that plaintiffs had abandoned the equipment.
In an opinion, findings of fact and recommended conclusion of law submitted on March 22, 1967, under an order of reference and Pule 57(a), Commissioner Mastin G. White ruled that the plaintiffs had not abandoned the equipment which had been taken by the Government in January 1965 when defendant turned the equipment over to the building contractor. The commissioner further held that plaintiffs had not shown that the Laundromat equipment taken had a value in excess of the $2,500 which the contractor obtained for it when he sold it, and Commissioner White recommended that judgment be entered for plaintiffs in that amount. Both parties filed exceptions to the commissioner’s findings and report, but on May 2,1967, they filed with the court a stipulation of settlement agreeing that the litigation be compromised and settled by the payment to the plaintiffs of $2,749.25. On the basis of plaintiffs’ agreement to accept that sum in full settlement of all claims against defendant set forth in the petition and defendant’s consent to the entry of judgment in that amount, the court, on May 5,1967, ordered that judgment be entered for plaintiffs in the amount of $2,749.25.